# Cole Schotz P.C.

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536 fax
—

Elizabeth A. Carbone
Associate
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6299
Writer's Direct Fax: 201.678.6299
Writer's E-Mail: ecarbone@coleschotz.com

> The Court grants the requested extension to effect service. Plaintiff shall have until December 13, 2021 to effect proper service. If Plaintiff is unable to effect proper service within the allotted time, Plaintiff must make a motion BEFORE December 13, 2021 requesting additional time to serve and detailing the good faith efforts that Plaintiff has made in attempting to effect service. SO ORDERED.
>
> s/ John Michael Vazquez
> John Michael Vazquez, U.S.D.J.
>
> Date: 10/12/2021

October 8, 2021

**Via CM/ECF Filing**
The Honorable John Michael Vazquez, U.S.D.J.
The United States District Court for the District of New Jersey, Newark Vicinage
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, N.J. 07102

> Re:  **Redi-Data, Inc. v. The Spamhaus Project *a/k/a* The Spamhaus Project Ltd.,**
> **Civil Action No. 2:20-cv-17484-JMV-JBC**

Dear Judge Vazquez:

This firm represents plaintiff, Redi-Data, Inc. ("*Plaintiff*"), in the above-referenced lawsuit. We write to respectfully provide the Court with a status update on Plaintiff's diligent service attempts and, in so doing, informally request that the Court's September 30, 2021 Notice of Call for Dismissal Pursuant to FED. R. CIV. P. 4(m) (the "*Notice*") [Dkt. No. 4] be vacated.[1]

As the Court is aware, this lawsuit was commenced on November 20, 2020 against defendant, The Spamhaus Project *a/k/a* The Spamhaus Project Ltd. ("*Defendant*"), a foreign company. *See* Compl. [Dkt. No. 1]. At the time the complaint was filed, Plaintiff believed, upon information and belief, that Defendant maintained principle places of business in both the United Kingdom and Switzerland. Compl. at ¶ 7. Accordingly, on December 17, 2020, this firm instructed DGR Legal to attempt service of the complaint and summons in the United Kingdom in accordance with The Hauge Service Convention Treaty. (A copy of the December 17, 2020 email request is appended hereto as **Exhibit "A."**) On February 26, 2021, this firm received a letter dated February 12, 2021 from the Royal Courts of Justice Group, Queen's Bench Division, Foreign Process Section advising that Defendant had dissolved its presence in the United Kingdom. (A copy of that letter, without enclosures, is appended hereto as **Exhibit "B."**)

In response, on March 9, 2021, this firm instructed DGR Legal to attempt service in Switzerland (which first required the documents to be served be translated to French). (A copy

---

[1] While Plaintiff makes this request in the context of this informal status update, Plaintiff respectfully reserves the right to file a formal opposition to the Notice on or before the October 20, 2021 return date if this informal letter does not alleviate the Court's concerns regarding the progression of this action.

Cole Schotz P.C.

The Honorable John Michael Vazquez, U.S.D.J.
October 8, 2021
Page 2

of the March 9, 2021 email request is appended hereto as **Exhibit "C."**)  On July 6, 2021, this firm received a letter dated June 23, 2021 from the Court of First Instance in Geneva, Switzerland.  (A copy of the letter, with translation but without enclosures, is appended hereto as **Exhibit "D."**)  In sum, the letter advised that service could not be effectuated in Switzerland and that Defendant's company headquarters was in Andorra.  (*See* Ex. D at p. 3.)

On July 26, 2021, Plaintiff instructed DGR Legal to attempt service of the complaint and summons in Andorra and engage in any necessary translations.  On October 5, 2021, Plaintiff's counsel was advised via email that the Andorran Central Authority had confirmed receipt of the translated documents in the necessary processing department but that it would still take an additional four to six weeks for service to be completed and there were no known means to expedite the process.  (A copy of the October 5, 2021 email is appended hereto as **Exhibit "E."**)

In sum, Plaintiff respectfully submits that it has been making diligent attempts to serve the complaint and summons on Defendant and prosecute this action.  Any delays in service have been the result of the difficulties inherent in international service (especially during the pandemic) as well as the fact Plaintiff has now had to attempt service in three different countries with three different languages.  As such, a dismissal for lack of prosecution is (respectfully) not warranted at this time.  This is particularly true given that the time limits for service set forth in Federal Rule of Civil Procedure 4(m) do not apply to cases involving international service.  *See* FED. R. CIV. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2),[2] or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).").

Consequently, Plaintiff respectfully requests that the Court permit continued service attempts in this matter and vacate the Notice.  If the Court has additional concerns or requires additional information, the undersigned can be contacted at the Court's convenience via email (ecarbone@coleschotz.com) or phone (201-525-6299).  As always, the Court's time and attention to this matter are greatly appreciated.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Elizabeth A. Carbone*

Elizabeth A. Carbone

cc:    All Counsel of Record Via CM/ECF

---

[2] Federal Rule of Civil Procedure 4(h)(2) refers to the service of a corporation, partnership, or association outside of the jurisdiction of the United States.  FED. R. CIV. P. 4(h)(2).